THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br> vs.<br><br>ROXANNE MOTAMEDI, an individual,<br><br>           Defendant. | Case No. 2:16-cv-1892RAJ<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE, ORDER EXPEDITING DISCOVERY, AND LETTER OF REQUEST |

This matter comes before the Court on Plaintiff Getty Images, Inc.'s ("GETTY IMAGES") motion for temporary restraining order, order to show cause, order expediting discovery, and Letter of Request.  The Court has considered the papers filed in support of and in opposition to this motion, as well as the argument of counsel for each party.  For the reasons stated below, the Court GRANTS the motion as follows.

1.      To be entitled to a TRO or preliminary injunction, a party must show that:  (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

2.      For purposes of this TRO, GETTY IMAGES has sufficiently shown it is likely to succeed on the merits of its claims of breach of the Nondisclosure Agreement by Defendant Roxanne Motamedi.  GETTY IMAGES has also sufficiently shown it is likely to

succeed on the merits of its claims that Defendant has breached her duty of loyalty and has misappropriated GETTY IMAGES's trade secrets.

3. For purposes of this TRO, GETTY IMAGES has sufficiently shown that unless a temporary restraining order is granted that requires Defendant to return GETTY IMAGES's trade secrets and confidential information and restrains Defendant from unfairly competing with Getty using its trade secrets and confidential information, Defendant will likely continue to engage in conduct violating GETTY IMAGES's rights.  GETTY IMAGES has sufficiently shown that such conduct is likely to cause GETTY IMAGES irreparable injury.

4. The balance of equities weighs in GETTY IMAGES's favor, and a temporary restraining order preventing Defendant from engaging in further use of GETTY IMAGES's trade secrets and confidential information would be in the public interest.

5. Although a bond is normally required when granting injunctive relief, the Court finds that Defendant will suffer negligible harm if the injunction is improperly entered, and therefore finds that a bond in the amount of $100 is sufficient.

6. GETTY IMAGES has demonstrated sufficient need to conduct expedited discovery prior to a preliminary injunction hearing.

7. GETTY IMAGES has demonstrated sufficient need for the Court to issue a Letter of Request.

Accordingly, it is hereby ORDERED that:

1. The Parties shall agree amongst themselves on a neutral third-party expert. As soon as the third-party expert is identified, Defendant shall immediately deliver to the third-party expert all computers, flash drives, SD cards, cell phones, and other external drives used by her since January 1, 2015 that are in Defendant's possession, custody, or control of which she is aware.  Upon becoming aware of any other devices that were initially overlooked despite her good faith efforts to identify the same, she shall immediately notify counsel and arrange to deliver the newly-discovered devices to the

ORDER GRANTING PLAINTIFF'S MOTION FOR TRO, TO SHOW CAUSE, EXPEDITING DISCOVERY, AND LETTER OF REQUEST - 2

**SEBRIS BUSTO JAMES**
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
(425) 454-4233

1    third-party expert as soon as she and the third-party expert can agree on a mutually

2    agreeable time.  The third-party expert shall be instructed to create a forensic image at

3    Defendant's expense of all devices produced by Defendant and to provide a written

4    report of their contents (without disclosing any proprietary information) in a manner and

5    format agreed upon by the Parties, but should not allow either party to view the image(s)

6    absent mutual written agreement of the parties or order of the Court.  After making a

7    forensic image of the devices, the third-party expert shall return the devices to Defendant,

8    who shall not use the devices in any manner that would violate the terms of this Order.

9            2.      Defendant shall provide login credentials (*e.g.,* user ID and password) to

10   the third-party expert for any and all non-GETTY IMAGES email accounts and cloud-

11   based storage accounts she has used or accessed since January 1, 2015, including but not

12   limited to, ml90049@gmail.com, Roxanne.motamedi@gmail.com, swissrox@gmail.com,

13   and WhatsApp ("the accounts") at the time she delivers her devices for copying.  The

14   third-party expert shall access these accounts in a manner that preserves the original

15   contents, and shall take steps to capture forensic evidence of the accounts and their

16   contents.  Defendant may resume using the accounts after they have been imaged by the

17   third-party expert.  Defendant shall not use the accounts in any manner that would violate

18   the terms of this Order, nor delete any data from the accounts prior to the completion of

19   this litigation.  Plaintiff may seek future access to the accounts in the ordinary course of

20   discovery.

21           3.      After creating the images, the third-party expert shall segregate from such

22   images all emails and attachments forwarded from any GETTY IMAGES email address,

23   and shall provide a copy of the same to Defendants' counsel in their preferred format.

24   Defendants' counsel shall produce all such images to counsel for GETTY IMAGES by

25   January 6, 2017. For this and any other document productions under this Order, counsel

26   for the Parties shall confer and produce them in a mutually agreeable format.

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR TRO, TO SHOW CAUSE,
EXPEDITING DISCOVERY, AND LETTER OF REQUEST - 3

**SEBRIS BUSTO JAMES**
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
(425) 454-4233

4. Next, the third-party expert shall conduct a search for emails or files responsive to the written discovery requests attached as Exhibit 1 to the Declaration of Jeffrey A. James. The third-party expert shall confer with counsel for the Parties to configure the search parameters and apprise the third-party expert as to the type of data or information to look for. The third-party expert shall not discuss or share any potentially confidential information except as provided for in this Order.

5. Once the search (or searches, as may be the case) have been conducted, the third-party expert shall share the search results first with Defendant's counsel in their preferred format. Defendant's counsel shall promptly review the search results for privilege, personal information, or confidential information belonging to a third party. Defendant's counsel may designate such documents to be held back; all other documents shall then be delivered to GETTY IMAGES's counsel in a format agreed to among the Parties. Depending on the volume of the search results, the third-party expert is directed to distribute the search results in batches so as to expedite review by Defendant's counsel and transmission to GETTY IMAGES's counsel.

6. Defendant's counsel shall prepare a log of any documents over which Defendant claims attorney-client privilege or any other valid ground to withhold documents, and provide such log to counsel for GETTY IMAGES by January 6, 2017. If the Parties have a dispute over whether any document has been properly withheld, they shall meet and confer in an attempt to resolve the dispute before seeking *in camera* review of any such documents by the Court.

7. Defendant shall not take any action to delete, destroy, or move any data in any email account or cloud-based storage account, or on any computers, flash drives, SD cards, cell phones, and other external drives, and shall not direct or permit anyone to do so on her behalf, including but not limited to, her husband/partner. Defendant's failure to comply with this direction shall give rise to an adverse inference that the data deleted or destroyed was harmful and/or established liability on the part of Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR TRO, TO SHOW CAUSE, EXPEDITING DISCOVERY, AND LETTER OF REQUEST - 4

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
(425) 454-4233

8. Defendant shall immediately deliver a copy of this Order to Evans-Lombe, Murrell, Silverhub and its employees, including but not limited to, its IT personnel, and to request that they protect and preserve all emails and other files sent by her or sent to her.

9. Defendant shall immediately deliver a copy of this Order to all Internet Service Providers she has used to send or receive email, or through whom she has a cloud-based storage account, such as Google and Dropbox, and request that they protect and preserve all emails and other files sent, received, or stored by her.

10. Defendant must respond to the written discovery requests attached as Exhibit 1 to the Declaration of Jeffrey A. James by January 2, 2017. Defendant shall produce all documents that it has determined to be responsive to the requests by January 6, 2017.

11. Defendant shall appear for deposition at the offices of GETTY IMAGES's counsel at a time to be mutually agreed between the Parties, to be deposed for not more than two hours.  This deposition shall not count toward the depositions allowed under F.R.C.P. 30.

12. Defendant and any person acting on her behalf is restrained from soliciting, providing bids to, or contracting with any individual or entity that she had contact with during her employment by GETTY IMAGES.

13. Defendant and any person acting on her behalf is restrained from soliciting or hiring any person employed by GETTY IMAGES, or inducing any GETTY IMAGES employee to end his/her employment.

14. Defendant and any person acting on her behalf is restrained from using in any manner any confidential or proprietary information or trade secrets of GETTY IMAGES, including GETTY IMAGES's financial data, client and project lists and information, pricing information, photographer, supplier, or employee information, information

regarding bids for projects, and any other information that would not be known to Defendant if she had not been employed by GETTY IMAGES.

15. Defendant shall have no further contact with any client, photographer or supplier with whom she had contact on behalf of GETTY IMAGES in the two years preceding her resignation. Defendant is restrained from providing anyone at Silverhub with any information regarding these same individuals and entities.

16. Defendant and any person acting on her behalf is restrained from disparaging GETTY IMAGES, or from taking any action to harm or interfere with GETTY IMAGES's contractual or business interests.

17. Defendant shall appear for a preliminary injunction hearing on January 12, 2017 at 10:00 a.m. to show cause why the requirements and restraints of this Order should not be continued pending trial on the merits. Pursuant to the stipulation of counsel during the hearing, the terms of this Order shall remain in effect pending the preliminary injunction hearing.

18. Defendant waived the requirement during the hearing on this matter that GETTY IMAGES post a bond; therefore, no bond need be posted.

19. The Court will provide GETTY IMAGES with a Letter of Request. Counsel for GETTY IMAGES should send the Court an exemplar addressed to the appropriate English Court.

IT IS SO ORDERED.

Dated this 16th day of December, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge