The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ROXANNE MOTAMEDI, an individual,<br><br>    Defendant. | NO.   2:16-cv-01892-RAJ<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Roxanne Motamedi ("Motamedi") by her attorneys Savitt, Bruce & Willey LLP and Balestriere Fariello, for her answer to the complaint (the "Complaint," dated December 12, 2016, Dkt. No. 1) of Getty Images, Inc. ("Plaintiff") states as follows:

### GENERAL DENIAL

Except as expressly admitted, Defendant denies each and every allegation in Plaintiff's Complaint.

### RESPONSES TO ALLEGATIONS IN THE COMPLAINT

#### I.    PARTIES

1.1    Defendant admits the allegations set forth in paragraph 1.1 of the Complaint.

1.2    Defendant admits the allegations set forth in paragraph 1.2 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 1
No. 2:16-cv-01892-RAJ

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## II. JURISDICTION AND VENUE

2.1    Defendant neither admits nor denies the allegations set forth in paragraph 2.1 of the Complaint, as they set forth legal conclusions.

2.2    Defendant neither admits nor denies the allegations set forth in paragraph 2.2 of the Complaint, as they set forth legal conclusions.

2.3    Defendant neither admits nor denies the allegations set forth in paragraph 2.3 of the Complaint, as they set forth legal conclusions.

2.4    Defendant neither admits nor denies the allegations set forth in paragraph 2.4 of the Complaint, as they set forth legal conclusions. Moreover, the document referred to in paragraph 2.4 speaks for itself.

2.5    Defendant neither admits nor denies the allegations set forth in paragraph 2.5 of the Complaint, as they set forth legal conclusions. Moreover, the document referred to in paragraph 2.5 speaks for itself.

## III. FACTUAL ALLEGATIONS

3.1    Defendant admits the allegations set forth in paragraph 3.1 of the Complaint.

3.2    Defendant denies that she misappropriated any of Plaintiff's trade secrets or confidential information. Defendant otherwise admits the allegations set forth in paragraph 3.2 of the Complaint.

3.3    Defendant admits the allegations set forth in paragraph 3.3 of the Complaint.

3.4    Defendant denies the allegations set forth in paragraph 3.4 of the Complaint.

3.5    Defendant denies having the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3.5 of the Complaint, and therefore denies the allegations.

3.6    Defendant admits the allegations set forth in paragraph 3.6 of the Complaint.

3.7    Defendant denies having the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3.7 of the Complaint, and therefore denies the allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 2
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

3.8     Defendant denies the allegations set forth in paragraph 3.8 of the Complaint, except that she admits the reason for her resignation.

3.9     Defendant denies the allegations set forth in paragraph 3.9 of the Complaint.

3.10    Defendant denies the allegations set forth in paragraph 3.10 of the Complaint.

3.11    Defendant denies the allegations set forth in paragraph 3.11 of the Complaint.

3.12    Defendant denies the allegations set forth in paragraph 3.12 of the Complaint.

3.13    Defendant denies the allegations set forth in paragraph 3.13 of the Complaint.

3.14    Defendant denies the allegations set forth in paragraph 3.14 of the Complaint.

### IV.     FIRST CAUSE OF ACTION

### Breach of Contract

4.1     Defendant repeats and realleges the responses contained in paragraphs 1 through 3.14 of this Answer as if fully set forth herein.

4.2     Defendant neither admits nor denies the allegations set forth in paragraph 4.2 of the Complaint, as they set forth legal conclusions and the document referenced in paragraph 4.2 speaks for itself.

4.3     Defendant admits the allegations set forth in paragraph 4.3 of the Complaint.

4.4     Defendant denies the allegations set forth in paragraph 4.4 of the Complaint.

4.5     Defendant denies the allegations set forth in paragraph 4.5 of the Complaint.

### V.     SECOND CAUSE OF ACTION

### Violation of Economic Espionage Act, as Amended by Defend Trade Secrets Act

5.1     Defendant repeats and realleges the responses contained in paragraphs through 4.5 of this Answer as if fully set forth herein.

5.2     Defendant denies the allegations set forth in paragraph 5.2 of the Complaint.

5.3     Defendant denies the allegations set forth in paragraph 5.3 of the Complaint.

5.4     Defendant denies the allegations set forth in paragraph 5.4 of the Complaint.

5.5     Defendant denies the allegations set forth in paragraph 5.5 of the Complaint.

5.6     Defendant denies the allegations set forth in paragraph 5.6 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 3
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## VI.     THIRD CAUSE OF ACTION

### Misappropriation of Trade Secrets Under the UTSA

6.1     Defendant repeats and realleges the responses contained in paragraphs 1 through 5.6 of this Answer as if fully set forth herein.

6.2     Defendant denies the allegations set forth in paragraph 6.2 of the Complaint.

6.3     Defendant denies the allegations set forth in paragraph 6.3 of the Complaint.

6.4     Defendant denies the allegations set forth in paragraph 6.4 of the Complaint.

6.5     Defendant denies the allegations set forth in paragraph 6.5 of the Complaint.

6.6     Defendant denies the allegations set forth in paragraph 6.6 of the Complaint.

## VII.    FOURTH CAUSE OF ACTION

### Common Law Unfair Competition

7.1     Defendant repeats and realleges the responses contained in paragraphs 1 through 6.6 of this Answer as if fully set forth herein.

7.2     Defendant admits the allegations set forth in paragraph 7.2 of the Complaint.

7.3     Defendant denies the allegations set forth in paragraph 7.3 of the Complaint.

7.4     Defendant denies the allegations set forth in paragraph 7.4 of the Complaint.

## VIII.   FIFTH CAUSE OF ACTION

### Conversion and/or Trespass of Chattel

8.1     Defendant repeats and realleges the responses contained in paragraphs 1 through 7.4 of this Answer as if fully set forth herein.

8.2     Defendant denies the allegations set forth in paragraph 8.2 of the Complaint.

8.3     Defendant denies the allegations set forth in paragraph 8.3 of the Complaint.

## IX.     SIXTH CAUSE OF ACTION

### Unjust Enrichment

9.1     Defendant repeats and realleges the responses contained in paragraphs 1 through 8.3 of this Answer as if fully set forth herein.

9.2     Defendant denies the allegations set forth in paragraph 9.2 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - 4
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

9.3     Defendant denies the allegations set forth in paragraph 9.3 of the Complaint.

## X.     SEVENTH CAUSE OF ACTION

### Tortious Interference

10.1    Defendant repeats and realleges the responses contained in paragraphs 1 through 9.3 of this Answer as if fully set forth herein.

10.2    Defendant admits the allegations set forth in paragraph 10.2 of the Complaint.

10.3    Defendant admits the allegations set forth in paragraph 10.3 of the Complaint.

10.4    Defendant denies the allegations set forth in paragraph 10.4 of the Complaint.

10.5    Defendant denies the allegations set forth in paragraph 10.5 of the Complaint.

## XI.    EIGHTH CAUSE OF ACTION

### Breach of Fiduciary Duty and Duty of Loyalty

11.1    Defendant repeats and realleges the responses contained in paragraphs 1 through 10.5 of this Answer as if fully set forth herein.

11.2    Defendant neither admits nor denies the allegations set forth in paragraph 11.2 of the Complaint, as they set forth legal conclusions.

11.3    Defendant denies the allegations set forth in paragraph 11.3 of the Complaint.

11.4    Defendant denies the allegations set forth in paragraph 11.4 of the Complaint.

11.5    Defendant denies the allegations set forth in paragraph 11.5 of the Complaint.

11.6    Defendant denies the allegations set forth in paragraph 11.6 of the Complaint.

## XII.   NINTH CAUSE OF ACTION

### Civil Conspiracy

12.1    Defendant repeats and realleges the responses contained in paragraphs 1 through 11.6 of this Answer as if fully set forth herein.

12.2    Defendant denies the allegations set forth in paragraph 12.2 of the Complaint.

12.3    Defendant denies the allegations set forth in paragraph 12.3 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 5
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## XIII. TENTH CAUSE OF ACTION

### Accounting

13.1 Defendant repeats and realleges the responses contained in paragraphs 1 through 12.3 of this Answer as if fully set forth herein.

13.2 Defendant denies the allegations set forth in paragraph 13.2 of the Complaint.

### REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state facts sufficient to constitute a claim upon which relief against Defendant can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Doctrine of Laches)**

Each and every purported claim for relief asserted against Defendant is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

**(Doctrine of Unclean Hands)**

Each and every purported claim for relief asserted against Defendant is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Each and every purported claim for relief asserted against Defendant is barred by the statute of limitations.

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 6
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## FIFTH AFFIRMATIVE DEFENSE

**(Right to Assert Additional Defenses)**

Defendant has insufficient knowledge or information on which to form a belief as to whether she may have additional as yet unstated defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

DATED: January 3, 2017.

**SAVITT BRUCE & WILLEY LLP**

By: _/s/ Duncan E. Manville_
Duncan E. Manville, WSBA #30304
Sarah Gohmann Bigelow, WSBA #43634
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Facsimile: 206.749.0600
Email: dmanville@sbwllp.com
Email: sgohmannbigelow@sbwllp.com

**BALESTRIERE FARIELLO**
Matthew W. Schmidt, *pro hac vice*
John G. Balestriere, *pro hac vice*
225 Broadway, 29th Floor
New York, New York 10007
Telephone: 212.374.5421
Facsimile: 212.208.2613
Email: matthew.schmidt@balestrierefariello.com

Attorneys for Defendant Roxanne Motamedi

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES - 7
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record, this 3rd day of January, 2017.

*Ashlee Hooten*
Ashlee Hooten

CERTFICATE OF SERVICE
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500