The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

GETTY IMAGES, INC., a Delaware corporation,

    Plaintiff,

v.

ROXANNE MOTAMEDI, an individual,

    Defendant.

NO.   2:16-cv-01892-RAJ

**DEFENDANT'S OPPOSITION TO PRELIMINARY INJUNCTION**

DEFENDANT'S OPPOSITION TO PRELIMINARY INJUNCTION
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 3

I. GETTY IMAGES IS NOT ENTITLED TO A PRELIMINARY INJUNCTION BECAUSE THE BROAD INJUNCTION IT REQUESTS OVERLY BURDENS MOTAMEDI AND IS AGAINST THE PUBLIC INTEREST. .......... 3

A. Getty Images Will Suffer No Irreparable Harm from Motamedi's Continued Contact with Her Professional Contacts as Getty Has No Right to Such Protection. .......... 4

B. Getty Images's Requested Relief Would Cause Motamedi Significant Hardship Because It Would Require the Deletion of All Data on Any Personal Device or Email Account Used By Her, Including Data in Which Getty Images Has No Legitimate Interest. .......... 5

II. GETTY IMAGES IS NOT ENTITLED TO A PRELIMINARY INJUNCTION BECAUSE IT CANNOT SHOW THAT AN INJUNCTION IS NECESSARY TO PREVENT ANY IRREPARABLE HARM. .......... 7

A. Getty Images Will Suffer No Irreparable Harm from Motamedi's Continued Contact with Her Professional Contacts as Getty Has No Right to Such Protection. .......... 7

B. Getty Images Cannot Show That It Would Suffer Irreparable Harm Unless All of Motamedi's Personal Data From All of Her Devices and Accounts Were Erased. .......... 8

C. Getty Images Cannot Show That It Would Suffer Irreparable Harm Unless Motamedi Is Ordered to Not Disparage Getty Images. .......... 8

III. GETTY IMAGES IS NOT ENTITLED TO A PRELIMINARY INJUNCTION BECAUSE IT CANNOT SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS. .......... 8

CONCLUSION .......... 10

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

TABLE OF AUTHORITIES

**Cases**

*Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046 (9th Cir. 2009) ..... 7

*Amazon.com, Inc. v. Powers*, No. C12–1911RAJ, 2012 WL 6726538 (W.D. Wash. Dec. 27, 2012) ..... 4

*Brotherson v. Prof'l Basketball Club, L.L.C.*, 604 F. Supp. 2d 1276 (W.D. Wash. 2009) ..... 6

*Herbalife Int'l of Am. Inc. v. Ford*, 287 Fed. App. 600 (9th Cir. 2008) ..... 3

*Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161 (9th Cir. 1998) ..... 9

*League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755 (9th Cir. 2014) ..... 3, 5

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197 (9th Cir. 1980) ..... 3

*MP Medical Inc. v. Wegman*, 151 Wash. App. 409 (2009) ..... 9

*Natural Res. Def. Counsel, Inc. v. Winter*, 508 F.3d 885 (9th Cir. 2007) ..... 5, 7

*Oberto Sausage Co. v. JBS S.A.*, No. C10-2033 RSL, 2011 WL 939615 (W.D. Wash. Mar. 11, 2011) ..... 4

*Price v. City of Stockton*, 390 F.3d 1105 (9th Cir. 2004) ..... 3

*Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991) ..... 7

*Sierra Forest Legacy v. Rey*, 577 F.3d 1015 (9th Cir. 2009) ..... 6

*State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708 (9th Cir. 2005) ..... 3

*Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914 (9th Cir. 2003) ..... 9

*U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091 (9th Cir. 2010) ..... 5

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) ..... 3

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**PRELIMINARY STATEMENT**

The Court should deny the motion of Plaintiff Getty Images, Inc. ("Getty Images") seeking a preliminary injunction against Defendant Roxanne Motamedi ("Motamedi") because Getty Images has already obtained, through the Temporary Restraining Order, dated December 16, 2016 ("TRO," Dkt. No. 20), expedited discovery and any injunctive relief that it is entitled to. What it requests beyond that are either attempts to create out of whole cloth a worldwide indefinite non-compete agreement—despite that fact that Motamedi has *never* signed *any* non-compete or non-solicitation agreement with Getty Images—and to impose unnecessarily punitive measures on a defendant who has shown no sign whatsoever of disregarding this Court's orders.

Motamedi has now performed extensive expedited discovery at Getty Images's request. Within one business day of the entry of the TRO, Motamedi provided to a neutral vendor of Getty Images's choosing all computers, phones, email accounts, online storage accounts, and social media accounts used by her. Getty Images's chosen neutral then ran a search of over 100 terms of Getty Images's choosing, including numerous names, email addresses, and phone numbers provided by Motamedi of customers, photographers, and other persons she worked with in the course of her employment with Getty Images. Getty Images's search led to a set of over 28,000 documents, which Motamedi's counsel then reviewed. Because of the neutral's repeated delays, Motamedi's counsel's review could not begin until December 27, when the neutral delivered the first set of documents. Because Getty Images's chosen neutral did not deliver its final set of documents until after 8:00 p.m. PST on Friday, December 30, the review also required 14 attorneys to review documents over the New Year's weekend. Motamedi has already produced over 80,000 pages of responsive documents from the search results ahead of the January 6 production deadline, and anticipates over 2,000 additional documents to be produced.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

This means that Getty Images either has or shortly will have—at considerable cost to Motamedi to perform an expedited review over the holidays—all documents that it seeks through its motion for preliminary injunction. Now that it has possession of its allegedly confidential information from Motamedi, Getty Images cannot show any evidence of future harm, let alone irreparable harm, that would justify a preliminary injunction. (*See* TRO, pg. 3–4 ¶¶ 2, 4–7.)

The additional injunctive relief that Getty Images seeks in paragraphs 12, 13, 15 and 16 of the TRO is overreaching and would impose conditions that would make it impossible for Motamedi to work in her chosen field or even to maintain her professional network, potentially rendering her permanently unemployable in the fast-moving, relationship-based industry in which she works by barring her from having *any* future contact with clients, photographers, or suppliers with whom she had previously had contact.

Through its preliminary injunction, Getty Images also seeks an order that all data stored on all of Motamedi's computers, devices, and online accounts (including apparently all email accounts used by her) be deleted, despite the Court already denying a similar request at the TRO hearing. As the Court recognized then, “in today’s modern times and modern world there’s so much of our lives that we’re dependent upon our cell phones, our laptops, our iPads, or whatever devices we utilize” that taking such devices and accounts creates an enormous burden. This burden is especially unjustified here, where there is no showing that Motamedi intends to use any of Getty Images’s confidential information in the future. At most, a simple continuation of the TRO’s prohibition against Motamedi’s use of Getty Images’s confidential information, combined with this Court’s contempt powers, would be fully sufficient to protect Getty Images from any potential harm in the future. Getty Images’s motion for preliminary injunction should be denied.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## ARGUMENT

### I. GETTY IMAGES IS NOT ENTITLED TO A PRELIMINARY INJUNCTION BECAUSE THE BROAD INJUNCTION IT REQUESTS OVERLY BURDENS MOTAMEDI AND IS AGAINST THE PUBLIC INTEREST.

Getty Images is not entitled to a preliminary injunction because its requested injunction is overly broad, imposing hardships against Motamedi outweighing any benefit to Getty Images, and is against the public interest. To succeed on a preliminary injunction, a moving party must show (1) a likelihood of success on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is "never awarded as of right," as it is an "extraordinary remedy." *Id.* at 24. "Preliminary injunctions 'must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law.'" *Herbalife Int'l of Am. Inc. v. Ford*, 287 Fed. App. 600, 601 (9th Cir. 2008) (quoting *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004)); *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 767 (9th Cir. 2014) (preliminary injunction should be narrowly tailored to adequately preserve the rights of the parties and the status quo and an overbroad injunction is an abuse of discretion). Preliminary injunctions are only appropriate where the moving party can show both that the balance of hardships tips in its favor and that the public interest favors an injunction. *See Winter*, 555 U.S. at 20. A court must "balance the interests of all parties and weigh the damage to each" when determining whether it should issue a preliminary injunction. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980). Competition in a market is in the best interest of the public. *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 717 (9th Cir. 2005) ("the public interest in ensuring free competition in the market for certified goods outweighs [plaintiff's] interest in enforcing a contractual provision").

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Here, Getty Images has not, and cannot, show that either the balance of hardships or the public interests favors it, as it is seeking an overly broad injunction that is both punitive towards Motamedi and violates Washington's public policy in favor of competition and the right of individuals to pursue their chosen profession.

**A. Getty Images Will Suffer No Irreparable Harm from Motamedi's Continued Contact with Her Professional Contacts as Getty Has No Right to Such Protection.**

Getty Images's motion for a preliminary injunction should be denied because it seeks to impose indefinite, worldwide non-compete and non-solicitation obligations upon Motamedi. (Pl.'s Mot. for Preliminary Injunction, dated Dec. 12, 2016, Dkt. 2 ("Br."), pg. 7–18; TRO, pg. 5–6 ¶¶ 12–13, 15–16.) Washington courts will not enforce such broad anti-competitive agreements even where a defendant actually entered into one, which is not the case here. *Oberto Sausage Co. v. JBS S.A.*, No. C10-2033 RSL, 2011 WL 939615, at *4 (W.D. Wash. Mar. 11, 2011) ("In Washington, covenants not to compete are enforced to the extent they are reasonable and lawful"). A company may not "eliminate skilled employees from future competition by the simple expedient of hiring them." *Amazon.com, Inc. v. Powers*, No. C12–1911RAJ, 2012 WL 6726538, at *10 (W.D. Wash. Dec. 27, 2012) (recognizing limitations on non-compete terms under Washington law even where a non-compete agreement exists).

Here, Getty Images has no right to prevent Motamedi from contacting any customer, photographer, or supplier whom she contacted on behalf of Getty Images, or from soliciting or contracting with any individual or entity she had contact with during her employment. Getty Images's proposed injunction would, as a practical matter, prevent Motamedi from working at all in her industry or chosen profession for the duration of the injunction, or even maintaining her professional network. As Motamedi's profession is highly relationship based, such an injunction would bear a significant risk of rendering her permanently unemployable. Balanced against this, Getty Images faces no hardship from Motamedi being able to work, other than that caused by a skilled professional—who, again, has not signed a non-compete or non-solicitation

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

agreement—who chooses to work for another company, which Getty Images is not entitled to prevent. Getty Images's motion for a preliminary injunction should be denied to the extent that it seeks to prevent Motamedi from contacting any customer, photographer, or supplier whom she contacted on behalf of Getty Images, or from soliciting or contracting with any individual or entity she had contact with during her employment, as the balance of hardships favors Motamedi and the motion is against public policy.

**B. Getty Images's Requested Relief Would Cause Motamedi Significant Hardship Because It Would Require the Deletion of All Data on Any Personal Device or Email Account Used By Her, Including Data in Which Getty Images Has No Legitimate Interest.**

Getty Images's requested relief would cause Motamedi significant hardship because it would require the deletion of all data on any personal device or email account used by her, including data in which Getty Images has no legitimate interest. Preliminary injunctions are to "preserve the status quo" until a final adjudication, and must be narrowly tailored to achieve that end. *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010); *League of Wilderness Defs./Blue Mountains Biodiversity Project*, 752 F.3d at 767 (9th Cir. 2014) ("'[i]njunctive relief must be tailored to remedy the specific harm alleged, and an overbroad preliminary injunction is an abuse of discretion.'") (quoting *Natural Res. Def. Counsel, Inc. v. Winter*, 508 F.3d 885, 886 (9th Cir. 2007)).

Here, based on discussions with Getty Images's counsel, Getty Images is requesting that the Court order Motamedi to again provide all of her devices and email accounts to Plaintiff, who will then "wipe clean" all such devices and accounts, and then Motamedi could later restore them through some process involving the forensic images already collected in this action. Getty Images has not and cannot show that such an involved and invasive procedure is necessary to preserve the status quo, because such requests, by definition, alter the status quo before a final judgment in this action can be entered. The same result could be achieved without altering the status quo by simply continuing the TRO's requirement that Motamedi not

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

use or disclose any of Getty Images's confidential information. (*See* Dec. 15, 2016, Tr., Ex. A, at 13:14–14:17 (recognizing that forensic imaging of devices and accounts, "plus the court's directive and an order, and the contempt powers of the court" are sufficient "to preserve the status quo" for Getty Images).)

Getty Images's apparent justification for this request is a requirement in the Non-Disclosure Agreement that "Upon Getty Images's request, the Recipient will promptly return to the Getty Images [sic] all materials or tangible items containing Getty Images's Confidential Information and all copies thereof," but this fails for two reasons. (*See* Non-Disclosure Agreement, dated February 17, 2000, Dkt. No. 8-1, pg. 2–3 ("NDA") at § 6.) First, Getty Images is seeking specific performance of the agreement, which is available only at a final adjudication, does not preserve the status quo, and in any event, would be unavailable here because specific performance is generally limited to enforcing contracts for land or interests in real property and is rarely used in other contexts. *See Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009) ("The sole purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.") (internal quotation marks omitted); *Brotherson v. Prof'l Basketball Club, L.L.C.*, 604 F. Supp. 2d 1276, 1293–94 (W.D. Wash. 2009).

As this Court already recognized when it denied a narrower request at the December 15, 2016, TRO hearing—that Motamedi simply have access to all such devices and accounts temporarily blocked—it is "overreaching to require the immediate return or immediate production of all communication" due to the great extent that modern lives rely on such devices. (Dec. 15, 2016, Tr., Ex. A, at 13:17–14:7.) Getty Images will derive no benefit from such wiping over, if the Court finds such an Order appropriate, simply continuing the injunction against Motamedi using or disclosing Getty Images's confidential information. And while Motamedi may be able to restore her devices, exactly how she would restore online email

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

accounts based on forensic images is unclear, and likely a burdensome and time-consuming process. Getty Images's motion for a preliminary injunction should be denied.

## II. GETTY IMAGES IS NOT ENTITLED TO A PRELIMINARY INJUNCTION BECAUSE IT CANNOT SHOW THAT AN INJUNCTION IS NECESSARY TO PREVENT ANY IRREPARABLE HARM.

Getty Images is not entitled to a preliminary injunction because it has not, and cannot, show that it will be irreparably harmed without an injunction. For a court to award a preliminary injunction, it must "be likely" that there will be irreparable injury as opposed to it simply being "possible" that an injury will occur. *Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Natural Res. Def. Counsel, Inc. v. Winter*, 555 U.S. at 22 (2008)). There is no such likelihood here.

### A. Getty Images Will Suffer No Irreparable Harm from Motamedi's Continued Contact with Her Professional Contacts as Getty Has No Right to Such Protection.

Getty Images cannot show that it would suffer irreparable harm unless Motamedi is subjected to the effective terms of an indefinite worldwide non-compete and non-solicitation agreement, despite never having signed such an agreement with Getty Images. Getty Images has no entitlement to be protected from its former employee ever again working in the same industry, or even hiring her former colleagues. And even if it did somehow have such a right, which it does not, any violation could be remedied through normal monetary damages. *See Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). Getty Images will not suffer irreparable harm if it is not given an ordered non-compete and non-solicitation against Motamedi.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**B. Getty Images Cannot Show That It Would Suffer Irreparable Harm Unless All of Motamedi's Personal Data From All of Her Devices and Accounts Were Erased.**

Getty Images also cannot show that it would suffer irreparable harm unless all of Motamedi's personal devices are wiped of data, because such possession causes Getty Images no harm at all, let alone irreparable harm. Getty Images cannot show that Motamedi has any intention of using any confidential information obtained through her employment. And even if she did, Getty Images would be sufficiently protected by simply continuing this Court's Order preventing her from using such information. Her mere possession of data during the pendency of this case poses no risk to Getty Images of irreparable harm.

**C. Getty Images Cannot Show That It Would Suffer Irreparable Harm Unless Motamedi Is Ordered to Not Disparage Getty Images.**

Getty Images cannot show that it would suffer irreparable harm if Motamedi is ordered to not disparage Getty Images. Despite seeking preliminary injunction language that Motamedi be "restrained from disparaging GETTY IMAGES, or from taking any action to harm or interfere with GETTY IMAGES's contractual or business interests," Motamedi's non-disclosure agreement with Getty Images has no non-disparagement provision, nor has Getty Images presented any justification for such an injunction in its opening brief. (NDA at §§ 1–13; Br., 7–18.) Furthermore, even if Getty Images were entitled to such protections, which it is not, Getty Images has not shown that Motamedi intends to disparage Getty Images, making such an injunction inappropriate. Getty Images has not, and cannot, show irreparable harm that it will suffer in the absence of a preliminary injunction, and its motion for a preliminary injunction should be denied.

## III. GETTY IMAGES IS NOT ENTITLED TO A PRELIMINARY INJUNCTION BECAUSE IT CANNOT SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS.

Even if Getty Images could show that it was likely to suffer irreparable harm, that the balance of hardships was in its favor, or that the public interest favored its sought-after relief—

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

none of which it can do—Getty Images is separately not entitled to a preliminary injunction because it has not met its burden of establishing a strong likelihood of success on the merits on at least most of its claims. *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 919 (9th Cir. 2003) (finding no strong likelihood of success despite plaintiff showing a "possibility of success on the merits").

While the pre-hearing expedited discovery in this matter is still ongoing, all of Getty Images's claims appear to be based on a series of emails allegedly sent from Motamedi's Getty Images work account to personal email accounts used by her and her husband, as well as to her former boss at Getty Images. (*See* Declaration of Craig Peters, dated December 11, 2016, Dkt. No. 5, ("Peters Decl."), Exhibits 2–10.) Getty Images has made no showing that any of these documents show any of this information constituted trade secrets. *See Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998) (trade secrets must be described with "sufficient particularity" to separate them from matters of special knowledge of those skilled in the relevant trade); *MP Medical Inc. v. Wegman*, 151 Wash. App. 409, 422 (2009) (trade secret must derive its "independent economic value from not being generally known"). Nor does it appear to have any direct evidence that Motamedi improperly solicited Getty Images's employees, diverted corporate opportunities, or conspired with SilverHub or anyone else. (*See, e.g.*, Peters Decl. ¶¶ 16–17 (alleging that Motamedi had "solicited" employees, but offer specific allegations only that she "facilitated an offer of employment" and "identified" to SilverHub a specific individual).) Getty Images's motion for a preliminary injunction should be denied.

Nor has Getty Images even shown that all of the data that Motamedi may have transferred from its servers are protected confidential information. The non-disclosure agreement here contains a specific carve-out excluding multiple categories of documents from being "confidential information," including information that later becomes "generally known or available" within the industry. (NDA at § 4.) While Getty Images has listed out specific

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

categories that it alleges are included in the files Motamedi possesses, it has made no showing at this early stage that all of the files that Motamedi allegedly forwarded from her work email are protected, or even proposed a method for separating such information. (See Peters Decl., ¶ 11.) The files at issue may well contain documents that Motamedi has been specifically permitted by her agreements with Getty Images to retain after leaving employment.

## CONCLUSION

Getty Images has already received, through expedited discovery, all of the injunctive relief that it is entitled to here. Getty Images cannot show that it faces any irreparable harm, because it cannot show that Motamedi intends to take any action involving any of Getty Images's materials that may be covered by her non-disclosure agreement.

Even if Getty Images were entitled to an injunction to protect it from Motamedi's non-existent desire to use its confidential information now that she has left its employment, Getty Images is entitled only to an injunction narrowly tailored to preserve the status quo in this action until trial. At this early stage, it is not even entitled to force Motamedi to delete emails transferred from Getty Images's servers, both because that constitutes specific performance—not preservation of the status quo—and because Getty Images has not shown that all of this information is its confidential materials. Getty Images is still less entitled to an order requiring Motamedi to immediately have all of her devices and email accounts wiped of even her personal data.

Nor is Getty Images at all entitled to leverage the facts here into a court-ordered indefinite, worldwide non-compete and non-solicitation agreement, when Motamedi never signed *any* non-compete or non-solicitation with Getty Images. Washington courts do not enforce such broad agreements when they are actually entered into by the parties, let alone allow a plaintiff to create one out of whole cloth. In addition to not allowing Motamedi to even support herself during the pendency of this lawsuit, such an injunction would risk rendering her permanently unemployable due the relationship-based nature of her field.

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

For these reasons, and those set forth above, the Court should deny Getty Images's motion for a preliminary injunction.

DATED: January 5, 2017.

**SAVITT BRUCE & WILLEY LLP**

By: */s/ Duncan E. Manville*
Duncan E. Manville, WSBA #30304
Sarah Gohmann Bigelow, WSBA #43634
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Facsimile: 206.749.0600
Email: dmanville@sbwllp.com
Email: sgohmannbigelow@sbwllp.com

**BALESTRIERE FARIELLO**

John G. Balestriere, pro hac vice
Matthew W. Schmidt, pro hac vice
225 Broadway, 29th Floor
New York, New York 10007
Telephone: 212.374.5421
Facsimile: 212.208.2613
Email: john.balestriere@balestrierefariello.com
Email: matthew.schmidt@balestrierefariello.com

Attorneys for Defendant Roxanne Motamedi

DEFENDANT'S OPPOSITION TO PRELIMINARY INJUNCTION - 11
No. 2:16-cv-01892-RAJ

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record, this 5th day of January, 2017.

Ashlee Hooten

Ashlee Hooten

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500