The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>ROXANNE MOTAMEDI, an individual,<br><br>    Defendant. | Case No. 2:16-cv-1892<br><br>DECLARATION OF ELIZABETH ANNE VAUGHAN IN SUPPORT OF PRELIMINARY INJUNCTION |

1.   Declarant.  My name is Elizabeth Anne Vaughan.  I am Vice President and Corporate Counsel for Plaintiff Getty Images, Inc. ("Getty Images").  I am over 18 years of age, have personal knowledge of the facts set forth in this declaration, and am competent to testify to them.

2.   Microsoft Outlook.  Getty Images uses Office 365 Microsoft Outlook as its enterprise platform for email.  Microsoft Outlook allows Getty Images to place a litigation hold on an individual user's mailbox.  A hold preserves all mailbox content, including the user's archive mailbox, deleted items, and the original verions of modified items.  These items are preserved for a specified period, or until the litigation hold is removed.

3.   Litigation Hold.  Ms. Motamedi's mailbox was subject to a litigation hold in an unrelated matter at the time she terminated employment from Getty Images on November 7, 2016.  Thus, consistent with the requirements of preservation, even the emails she attempted to

DECLARATION OF ELIZABETH ANNE VAUGHAN - 1

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

delete were preserved.  As a result of this litigation, I requested that our Information Security team export a copy of Ms. Motamedi's full email box for my review on or about December 3, 2016.  Attached as Exhibits 1–10 are true and correct copies of screenshots taken of Ms. Motamedi's user mailbox.  Exhibit 1 shows how a copy of Ms. Motamedi's preserved user mailbox appears when opened in Outlook.  Ms. Motamedi's mailbox was so large that in order to view it on my computer, Outlook automatically divided it into five separate email boxes.  For example, Exhibit 1 shows on the left of the screen three of the five email boxes, with subfolders.  These are all as they appeared in Ms. Motamedi's emails as Outlook stores them.

4. <u>Scope of Review</u>.  I conducted a review of Ms. Motamedi's email to determine which emails she had sent from her Getty Images email account (roxanne.motamedi@gettyimages.com) to non-Getty Images email accounts, which appear to be her personal Gmail account (swissrox@gmail.com), a personal Gmail account associated with her husband, Mitchell Lucas (ml90049@gmail.com), and a personal Gmail account of Nick Evans-Lombe (nevanslombe@gmail.com), who is the former COO of Getty Images, and now founder of SilverHub, a direct competitor of Getty Images.

5. <u>Evidence of Deletion</u>.  Exhibits 1–10 also show evidence that Ms. Motamedi deleted (or attempted to delete) hundreds of emails after she forwarded confidential information of Getty Images to the above referenced personal email addresses. On the left side of the screenshots in Exhibits 1–10, there is subfolder named "Recoverable Items."  The subfolder "Recoverable Items" also contains the subfolders "Deletions," "Purges" and "Versions." "Deletions" are emails a person with access to Ms. Motamedi's Getty Images work email account deleted from her mailbox (*i.e.*, Ms. Motamedi). This subfolder is exposed to the individual user through the Recover Deleted Items feature in Microsoft Outlook.  "Versions" contain the original and modified copies of the deleted items.  "Purges" contains all items that are "hard deleted."  Generally, these are emails that the user further deleted from his or her "deleted items" folder.  This folder is not visible to the individual user and can only be accessed if the individual user's email account has been placed on a litigation hold.  This means that someone (*i.e.*, Ms. Motamedi) forwarded emails containing sensitive Getty Images information

DECLARATION OF ELIZABETH ANNE VAUGHAN - 2

1  to personal Gmail accounts, deleted the items, and then attempted to hard delete the "Deleted
2  Items" folder, so they could no longer be recovered by the Microsoft Outlook Recover Deleted
3  Items feature.

4        6.    <u>Emails Sent to Motamedi's Gmail Account</u>.  In order to capture screen shot
5  Exhibit 1, I selected the "Purged Items" subfolder under "Recoverable Items" (see highlight in
6  attached Exhibit 1) and then sorted by "to," using one of Ms. Motamedi's personal Gmail
7  addresses (swissrox@gmail.com).  Exhibit 1 shows one email of many in which Ms. Motamedi
8  forwarded a "Monthly Variance Report" to her personal email address on her last day of work at
9  Getty Images.  A monthly variance report is an internal report used to measure performance
10 against budget.  It contains highly sensitive information regarding individual performance and
11 team performance on certain financial metrics.  Because these emails are in the "Purges"
12 subfolder of the "Recoverable Items" folder, this means someone deleted these emails after they
13 were sent.  In fact, when I hover over the group of emails sent to her personal Gmail account in
14 the "Purges" folder, there are 275 emails in this subgroup.  (This same methodology was used to
15 capture the screenshots in Exhibits 2–10.)  Again, this means someone sent them, deleted them,
16 and then took the extra precautionary step to hard delete them from the "Deleted Items" folder
17 (*i.e.,* Ms. Motamedi or someone acting on her behalf).  However, the litigation hold placed on
18 Ms. Motamedi's individual user email account preserved them.

19       7.    <u>Emails Sent to Husband's Gmail Account</u>.  Exhibit 2 shows that Ms. Motamedi
20 sent 20 items to a Gmail account that is known to belong to her husband (ml90049@gmail.com),
21 though it may be shared by both of them.  The majority of these emails contained confidential
22 information of Getty Images, which she did not have persmission to disclose or  forward to any
23 non-Getty Images account.  For example, Exhibit 2 demonstrates one of the emails contained
24 confidential information regarding Getty Images' relationship with one of its key customers,
25 FOX.  This same email chain contains communications from August 2016 between Ms.
26 Motamedi and a former Getty Images contributing photographer, Frank Micelotta.  It describes,
27 in detail, the relationship between Mr. Micelotta and FOX.  Like Exhibit 1, this email is in the
28 "Purges" subfolder of the "Recoverable Items" folder, which means someone deleted the email

DECLARATION OF ELIZABETH ANNE VAUGHAN - 3

after it was forwarded to her husband's email account and then attempted to hard delete it from the "Deleted Items" folder, but the litigation hold placed on Ms. Motamedi's individual user email account preserved it. This is just one example of the many emails that were sent to her husband's Gmail adress and were then deleted. If it was not for the litigation hold previously placed on Ms. Motamedi's Getty Images email account in an unrelated matter, these emails would have been lost. Exhibit 3 shows Ms. Motamedi sent another 24 items and Exhibit 4 shows another five items that were sent from her Getty Images work email to ml90049@gmail.com. Exhibits 3 and 4 also illustrate that these emails had been deleted but were recovered through the litigation hold placed on Ms. Motamedi's Getty Images email account.

8. <u>Other Deleted Items</u>. Exhibit 5 shows the result after I selected the "Deleted Items" subfolder under "Recoverable Items" and again sorted by "to" and swissrox@gmail.com. It shows that 12 items were sent to her personal email box and then were deleted. Exhibit 6 shows the result after I selected "Deleted Items," sorted by "to" and nevanslombe@gmail.com. It shows 2 items, including an email from Ms. Motamedi sent to Mr. Evans-Lombe about offering one of Ms. Motamedi's then direct reports at Getty Images a job at SilverHub, deleted and restored. Exhibits 7–10 show similar screenshots that demonstrate a continued and consistent pattern where Ms. Motamedi sent confidential information and then sought to conceal that by deleting the email records. Had the litigation hold not been in place, Getty Images would not have been the wiser and Ms. Motamedi's deception would likely have gone unchecked.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 9th day of January, 2017, at Seattle, Washington.

Elizabeth Anne Vaughan

DECLARATION OF ELIZABETH ANNE VAUGHAN - 4