The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br> vs.<br><br>ROXANNE MOTAMEDI, an individual,<br><br>    Defendant. | Case No. 2:16-cv-1892<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Come now the parties, in accordance with the Order Regarding Initial Disclosures, Joint Status Report, And Early Settlement entered herein on January 23, 2017, and submit the following Joint Status Report and Discovery Plan.

**1.     Nature and Complexity of the Case.**  This case involves claims for breach of contract, violations of the Defend Trade Secrets Act and Uniform Trade Secrets Act, unfair competition, conversion and/or trespass of chattel, unjust enrichment, tortious interference, breach of fiduciary duty and duty of loyalty, and civil conspiracy.  Plaintiff seeks compensatory and punitive damages, injunctive relief, and attorneys' fees.  The case is complex because it involves Requests for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters, as material witnesses are located in other countries, including but not limited to, England, France, and Italy, as well as the United States.

**2.     Proposed Deadline for Joining Parties.**  The parties agree that the deadline for joining additional parties should be May 31, 2017.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

**3.     Consent to Magistrate Judge.**  No.

**4.     Discovery Plan.**

(A)     **Initial disclosures.**  In accordance with the Order Regarding Initial Disclosures, Joint Status Report, And Early Settlement, the parties served Initial Disclosures on February 6, 2017.

(B)     **Subjects, timing, and potential phasing of discovery.**  The parties anticipate that the issues for discovery include, but are not limited to: Plaintiff's policies and practices; Defendant's employment with Plaintiff; Defendant's alleged misappropriation of Plaintiff's alleged trade secrets and confidential information; Defendant's alleged solicitation of Plaintiff's employees, contributors, partners and clients; Defendant's alleged communications with Nick Evans-Lombe and others regarding Plaintiff's alleged trade secrets and confidential information, and Plaintiff's employees, contributors, partners, and clients; Defendant's other alleged pre- and post-resignation activities related to Plaintiff's claims and damages; Plaintiff's alleged damages; and Defendant's defenses to Plaintiff's allegations.  In addition to expedited discovery conducted to date, the parties anticipate standard discovery, consisting of an exchange of requests for admissions, requests for production and interrogatories, requests for forensic analysis of electronic devices and cloud-based accounts, subpoenas to third parties, depositions of the principal witnesses, and any expert discovery.  Plaintiff may seek further Letters of Request to pursue discovery from persons in foreign jurisdictions.  Whether expert witnesses will be called by either or both parties depends on facts learned during discovery.  The parties do not propose any type of phased discovery.  The parties conducted their Rule 26(f) conference on January 25, 2017, and may proceed with discovery.

(C)     **Electronically stored information.**  The parties each have and will continue to maintain and will preserve electronically stored information (ESI) relevant to the claims or defenses in this litigation.  The parties will seek to minimize the expense of requesting and producing ESI. The parties will confer as appropriate concerning more specific ESI agreements for additional discovery.

**(D)     Privilege issues.**  The parties are not aware of any privilege issues at this time beyond those normally encountered in a complex case of this type.

**(E)     Proposed limitations on discovery.**  The parties do not propose any changes to the limitations placed on discovery by the Federal Rules of Civil Procedure and this Court's rules.

**(F)     The need for any discovery related orders.**  The parties expect to propose a Stipulated Protective Order for approval by the Court.  Otherwise, the parties believe that no additional orders need to be entered by the Court regarding discovery at this time.

**5.     Parties' Views, Proposals and Agreements Concerning Case.**

**(A)     Prompt case resolution.**  In an effort to promptly resolve this matter, the parties have discussed seeking the assistance of a mediator, as recommended by the Court at the parties' January 12, 2017, appearance. The parties are not aware of any other means to promptly resolve the case but will continue to explore possibilities.

**(B)     Alternative dispute resolution.**  The parties agree that mediation is the appropriate form of alternative dispute resolution in this case. The parties have discussed seeking the assistance of a mediator as recommended by the Court at the parties' January 12, 2017, appearance, after conducting additional discovery.

**(C)     Related cases.**  There are no pending related cases.

**(D)     Discovery management.**  The parties will minimize the expense of discovery to the extent possible by cooperating in production of documents and witnesses and by maintaining open lines of communication.

**(E)     Anticipated discovery sought.**  Plaintiff intends to take depositions of Defendant, Nick Evans-Lombe, and Plaintiff's former employees with knowledge related to Plaintiff's claims, as well as any other witnesses disclosed by Plaintiff or Defendant.  Defendant intends to take depositions of Plaintiff's current or former employees who, after receiving discovery from Plaintiff, appear to have knowledge or information relevant to Plaintiff's claim or Defendant's defenses, as well as other witnesses disclosed by the parties.  Both parties intend to

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

Sebris Busto James
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
(425) 454-4233

use written discovery in the form of requests for admissions, requests for production and interrogatories.  Plaintiff will also request forensic analysis of Defendant's electronic devices and cloud-based accounts.  In addition, the parties expect to pursue discovery from third parties. Whether expert witnesses will be called by either or both parties depends on facts learned during discovery.

**(F)    Phasing motions.**  The parties anticipate that motions for full or at least partial summary judgment will be filed.

**(G)    Preservation of discoverable information.**  The parties have agreed to and instituted "litigation holds" and are preserving discoverable information.

**(H)    Privilege issues.**  The parties are not aware of any privilege issues.  The parties agree that information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within a reasonable time after discovery by the producing party of the inadvertent production.

**(I)    Model Protocol for Discovery of ESI.**  The parties expect to propose a modified version of the Model Agreement Regarding Discovery of Electronically Stored Information for approval by the Court.

**(J)    Alternatives to Model Protocol.**  The parties expect to propose a modified version of the Model Agreement Regarding Discovery of Electronically Stored Information for approval by the Court.

**6.    Discovery Completion.**  The parties agree to complete discovery by September 29, 2017.

**7.    Bifurcation.**  The parties agree the case should not be bifurcated.

**8.    Utilization of Individualized Trial Program:**  The parties do not intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

**9.     Suggestions for Shortening or Simplifying Case.**  Partial or complete motions for summary judgment, and mediation may be appropriate for resolution of this case.  The parties will also determine what issues might be resolved by stipulation.

**10.    Trial Dates.**  The case should be ready for trial by January 29, 2018.

**11.    Jury/Non–Jury Trial.**  Plaintiff has requested a jury trial.

**12.    Length of Trial.**  The parties believe that the case should take 10 days for trial.

**13.    Names, Addresses, and Telephone Numbers of all Trial Counsel:**

Attorneys for Plaintiff:     Jeffrey A. James
                             Tina Aiken
                             14205 SE 36th Street, Suite 325
                             Bellevue, Washington 98006
                             Telephone:  (425) 450-3384

Attorneys for Defendant:

John G. Balestriere                Duncan E. Manville
Matthew W. Schmidt                 Sarah Gohmann Bigelow
225 Broadway, 29th Floor           1425 Fourth Avenue, Suite 800
New York, New York 10007           Seattle, Washington 98101
Telephone:  (212) 374-5401         Telephone:  (206) 749-0500

**14.    Dates on Which Trial Counsel May Have Complications.**

Attorneys for Plaintiff:

2017: March 1-17, April 10-April 17, May 1-June 2, July 4-10, July 15-August 14, September 15-26, October 25-November 7.

Attorneys for Defendant:

2017: May 3–9

**15.    Service of Process.**  The Defendant in this case has been served.

**16.    Scheduling Conference before Scheduling Order.**  No.

DATED this 13th day of February, 2017.

| | |
|---|---|
| BALESTRIERE FARIELLO<br><br>BY: _____<br>   John G. Balestriere<br>   Matthew W. Schmidt<br>   225 Broadway, 29th Floor<br>   New York, New York 10007<br>   Telephone:  (212) 374-5401<br>   john.balestriere@balestrierefariello.com<br>   matthew.schmidt@balestrierefariello.com | SEBRIS BUSTO JAMES<br><br>BY: /s/ Tina Aiken<br>   Jeffrey A. James<br>   Tina Aiken<br>   14205 SE 36th Street, Suite 325<br>   Bellevue, Washington 98006<br>   Telephone:  (425) 450-3384<br>   jaj@sebrisbusto.com<br>   taiken@sebrisbusto.com |

SAVITT BRUCE & WILLEY LLP

BY: /s/ Sarah Gohmann Bigelow
   Duncan E. Manville
   Sarah Gohmann Bigelow
   1425 Fourth Avenue, Suite 800
   Seattle, Washington 98101
   Telephone:  (206) 749-0500
   dmanville@sbwllp.com
   sgohmannbigelow@sbwllp.com