UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>ROXANNE MOTAMEDI, an individual,<br><br>    Defendant. | Case No. 2:16-cv-1892<br><br>DECLARATION OF TINA M. AIKEN IN SUPPORT OF PLAINTIFF'S MOTION TO REDACT<br><br>Hearing Date: February 24, 2017 |

1. My name is Tina M. Aiken. I am an attorney representing Plaintiff Getty Images, Inc. ("Getty Images"). I have personal knowledge of the following facts.

2. Attached hereto as Exhibit 1 is a true and correct copy of the transcript of the January 12, 2017 preliminary injunction hearing, with proposed redactions. Specifically, Getty Images's proposes the following redactions:

- Page 7, Lines 19-20: "Clients can be like **[redact client's name]**, it can be websites, it can be TV shows, just any - - **[redact client's name]**."

- Page 8, Line 14: "I don't know, dealing with clients at **[redact clients' names]**, all of these people, anyone in that industry."

- Page 8, Lines 16–17: "And all the things you just listed, **[redact clients' names]**, those are clients…"

- Page 9, Lines 1–2: "…Getty Images owned, I would say, **[redact confidential business information]** of the market…"

DECLARATION OF TINA M. AIKEN - 1

SEBRIS BUSTO JAMES
14205 S.E. 36th Street, Suite 325
Bellevue, Washington 98006
Tel: (425) 454-4233 – Fax:(425) 453-9005

1
2
- Page 9, Line 23: "Of the clients that we talked about, that photo agencies can potentially work with, **[redact client's name]**, et cetera…"

3
4
- Page 17, Line 5: "I set up a meeting for him with a photographer by the name of **[redact contributor's name]**, who was a freelance photographer…"

5
6
- Page 17, Line 7: "After the meeting, the next day or so, **[redact contributor's name]** told me that he wasn't interested."

7
8
- Page 17, Lines 10-11: "**[redact contributor's name]** was another photographer, but I did not set up that meeting. **[redact contributor's name]** had reached out directly to Nick."

9
- Page 17, Line 21: "And you mentioned **[redact contributor's name]**."

10
11
- Page 18, Lines 14–15: "I think a few questions ago we had discussed **[redact contributor's name]** and **[redact contributor's name]**."

12
- Page 18, Line 16: "**[redact contributor's name]**. Uh-huh."

13
- Page 18, Line 22: "**[redact client's name]**."

14
15
- Page 18, Line 24: "And what did you discuss with Nicholas Evans-Lombe about **[redact client's name]**."

16
- Page 19, Line 1: "**[redact client's name]**."

17
18
19
- Page 28, Line 16: "You went to New York in either late October or November for the ostensible purpose of introducing **[redact contributor's name]** to your replacement at Getty Images, correct?"

20
21
- Page 28, Line 21: "And did you have a meeting with **[redact contributor's name]** while you were there?"

22
23
- Page 29, Line 18: "I don't remember if it was October or November, when I set up a meeting for **[redact contributor's name]** to meet with Nick Evans-Lombe."

24
25
- Page 30, Lines 4–5: "I had set up the meeting with **[redact contributor's name]** to meet with him."

26
27
28
- Page 33, Lines 19-20: "Your testimony, when you were responding to your counsel's questions about **[redact client's name]**, is that you thought it would be interesting for SilverHub to get **[redact client's name]**."

DECLARATION OF TINA M. AIKEN - 2

- Page 34, Line 1: "**[redact client's name]** and pushing him to get **[redact client's name]**?"

- Page 34, Lines 2-3: "Nick was very familiar with **[redact client's name]** and the importance of **[redact client's name]** and **[redact client's name]**."

- Page 34, Lines 21-23: "I told him - - you know, he - - basically, **[redact client's name]**, I think, told him that he didn't have the content.  **[redact confidential business information]**, and SilverHub simply doesn't have - - it's made up of very few employees."

- Page 35, Line 6: "I think, when I send that e-mail about **[redact client's name]**, it was, not only a stupid move, but it was only a test for me . . ."

- Page 54, Lines 12-14: "One of the documents, for example, that she sent to her home e-mail is a document involving Getty's **[redact confidential business information]**. It provides a cutting edge to Getty Images."

- Page 69, Lines 24-25: "He identified the **[redact confidential business information]** and some strategic plan.  Now, regarding the **[redact confidential business information]**, my client testified at deposition…"

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 16th day of February, 2017, at Bellevue, Washington.

_____
Tina M. Aiken, WSBA #27792

DECLARATION OF TINA M. AIKEN - 3

Sebris Busto James
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: (425) 454-4233 – Fax:(425) 453-9005