Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GETTY IMAGES, INC.,

                Plaintiff,

  v.

ROXANNE MOTAMEDI,

                Defendant.

Case No. 2:16-cv-01892-RAJ

STIPULATED PROTECTIVE ORDER

    Plaintiff Getty Images, Inc. and Defendant Roxanne Motamedi, through their respective counsel of record, hereby move pursuant to Federal Rule of Civil Procedure (26)(c) for entry of this Stipulated Protective Order:

1. <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of trade secret, confidential, proprietary, commercially valuable or private information for which special protection may be warranted. Disclosure of such confidential information may cause financial or competitive harm

STIPULATED PROTECTIVE ORDER - 1

to one or both Parties. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2. <u>DESIGNATED MATERIALS</u>

Designated Materials shall include the documents, tangible items, or testimony produced, elicited, or otherwise exchanged in this action which the party producing or disclosing such materials (the "Designating Party") designates as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Designated Materials may include, but are not limited to, names and contact information of customers, contributors, partners and employees; contracts and agreements with customers, contributors, partners and employees; information maintained as confidential during the normal course of business related to pricing, revenue, strategy and other commercial interests; and research and development related to content distribution.

2.1   Designated Materials marked "Confidential" shall include any document, file, portion of file, transcribed testimony or other material that the Designating Party in good faith reasonably believes comprise confidential information related to customers, contributors, partners, employees, research, development, commercial interests, or other information that could cause commercial, professional, or personal harm through disclosure.

2.2   Designated Materials marked as "Highly Confidential - Attorneys' Eyes Only" shall include any document, file, portion of file, transcribed testimony or other material that the Designating Party in good faith reasonably believes comprises trade secrets or other competitive sensitive confidential information, research, development, financial or other commercial or personally sensitive information that requires such heightened protection. Designated Materials may be designated "Highly Confidential - Attorneys' Eyes Only" only if the Designating Party believes in good faith that designation as "Confidential" will not provide adequate protection.

3. SCOPE

The protections conferred by this Order cover not only Designated Materials (as defined above), but also (1) any information copied or extracted from Designated Materials; (2) all copies, excerpts, summaries, or compilations of Designated Materials; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Designated Materials. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF DESIGNATED MATERIALS

4.1 Basic Principles. A receiving party may use Designated Materials that are disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Designated Materials may be disclosed only to the categories of persons and under the conditions described in this Order. Designated Materials must be stored and maintained by a receiving party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

4.2 Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated as "Confidential" may be disclosed only to the following persons:

(a) the receiving party;

(b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER - 3

(e) the Court, court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of Designated Materials, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Designated Materials to third parties and to immediately return all originals and copies of any Designated Materials;

(g) during their depositions, party witnesses in the action to whom disclosure is reasonably necessary, or non-party witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; or

(h) the author or recipient of a document containing the information or anyone shown on the document as having received it in the ordinary course of business.

4.3 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed only to the following persons:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) in house counsel and paralegals of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

STIPULATED PROTECTIVE ORDER - 4

(e) copy or imaging services retained by counsel to assist in the duplication of Designated Materials, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Designated Materials to third parties and to immediately return all originals and copies of any Designated Materials;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Designated Materials must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; or

(g) the author or recipient of a document containing the information or anyone shown on the document as having received it in the ordinary course of business.

4.4     To qualify as an Approved Expert or an Approved Consultant, the party proposing to provide Designated Materials to such expert or consultant shall provide the Designating Party with: (i) a current curriculum vitae for the expert or consultant, which shall include a description of past and present employers by whom the expert or consultant has been employed and (subject to the second sentence of this paragraph) persons or entities by whom the expert or consultant has been engaged in any consulting or expert engagements within the last five (5) years, as well as a general description of the nature of such engagements, and (ii) a copy of a completed and signed "Acknowledgment and Agreement to Be Bound" (Exhibit A).  If an expert or consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such engagement or the identity of the entity for which the services were or are being performed, then the expert or consultant shall state that certain information is being withheld on that basis and may supplement his or her disclosure with such additional information as he or she

STIPULATED PROTECTIVE ORDER - 5

believes would be helpful to the Parties in determining whether any undisclosed consulting relationship would create a genuine likelihood that the expert or consultant would, in the course of any such undisclosed engagement, use or disclose information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes other than this litigation.

(a) Within five (5) business days after the other party's receipt of the information and signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the party seeking approval, the other party may object in writing to the proposed expert or consultant if facts available to that party show that there is a reasonable likelihood that the proposed expert or consultant will use or disclose information designated "Highly Confidential - Attorneys' Eyes Only" for purposes other than this litigation or if the expert or consultant states that he or she is unable to disclose information concerning other engagements due to a non-disclosure agreement. The written objection shall set forth the specific factual basis for the objection. Failure to object in writing to a proposed expert or consultant within five (5) business days shall be deemed approval, but shall not preclude a party from objecting to continued access to material designated "Highly Confidential - Attorneys' Eyes Only" by that expert or consultant where facts subsequently learned by the party or its counsel suggest a basis for such objection.

(b) If the other party so objects, the Parties must make every attempt to resolve their dispute without Court involvement. Any motion regarding the disqualification of an expert or consultant must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED PROTECTIVE ORDER - 6

(c) If the Parties' dispute remains unresolved as of five (5) business days following the objecting party's communication of its objection, then the party seeking to qualify such expert or consultant may file and serve a motion to do so under Local Civil Rule 7. The proposed expert or consultant shall not have access to material or information designated as "Highly Confidential - Attorneys' Eyes Only" until the Court rules on the challenge.

4.5  Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Stipulated Protective Order, except as otherwise required by law.

4.6  <u>Filing Designated Materials</u>. Before filing Designated Materials or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. If a party is seeking injunctive relief or must file a responsive brief within five (5) days or less of being served with a motion or response to a motion, the party may file redacted documents consistent with the letter and spirit of the Order without first conferring with the Designating Party.

4.7  <u>Non-Designated Materials</u>.  Materials exchanged in this action, regardless of designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," shall be used by the receiving party solely in connection with this litigation and not for any other purpose.

5.  <u>DESIGNATING PROTECTED MATERIAL</u>

5.1  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, paragraph 5.1(a)), or as otherwise stipulated or ordered, disclosure or discovery material

STIPULATED PROTECTIVE ORDER - 7

that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Designating Party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Designated Materials. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the Parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Designated Materials. Prior to the expiration of the fifteen (15) day period, the entire deposition transcript shall be treated as "Outside Attorneys' Eyes Only."

(c) Other tangible items: the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

5.2     <u>Failure to Designate</u>. A failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon receiving correction of designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

STIPULATED PROTECTIVE ORDER - 8

5.3     <u>Inadvertent Disclosures</u>. If a Producing Party at any time notifies the receiving party, in writing, that it inadvertently produced documents, testimony, information, or things that are protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, the receiving party shall: not review, or shall cease review if then currently reviewing such items; promptly return, sequester or destroy all copies of such documents, testimony, information, or things; not use or disclose the information until the claim is resolved; and take reasonable steps to retrieve the information if the party disclosed it before being notified. The return of any discovery item to the Producing Party shall not preclude the Requesting Party from moving the Court for a ruling that: (i) the document or item was never privileged or protected; or (ii) the privilege or protection has been waived.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidentiality designations without Court involvement. Any motion regarding confidential designations must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

STIPULATED PROTECTIVE ORDER - 9

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," that party must:

(a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Designated Materials may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Materials to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

STIPULATED PROTECTIVE ORDER - 10

person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Designated Materials to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Designated Materials.

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 17, 2017.

BALESTRIERE FARIELLO                    SEBRIS BUSTO JAMES LLP


BY: /s/ John G. Balestriere              BY: /s/ Tina Aiken
    John G. Balestriere                      Jeffrey A. James
    Matthew W. Schmidt                       Tina Aiken
    225 Broadway, 29th Floor                 14205 SE 36th St. Suite 325
    New York, New York 10007                 Bellevue, Washington 98006
    Telephone: (212) 374-5401                Telephone: (425) 450-3384
    Facsimile: (212) 208-2613                Facsimile: (425) 453-9005
    john.balestriere@balestrierefariello.com  jaj@sebrisbusto.com
    matthew.schmidt@balestrierefariello.com   taiken@sebrisbusto.com

STIPULATED PROTECTIVE ORDER - 11

SAVITT BRUCE & WILLEY LLP


BY: /s/ Duncan E. Manville
     Duncan E. Manville
     1425 Fourth Avenue, Suite 800
     Seattle, Washington 98101
     Telephone:   (206) 749-0500
     Facsimile:    (206) 749-0600
     dmanville@sbwllp.com


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  March 22, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

STIPULATED PROTECTIVE ORDER - 12

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United State District Court for the Western District of Washington on _____ [date] in the case of *Getty Images, Inc. v. Roxanne Motamedi*, Case No. 2:16-cv-1892RAJ.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 13