The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

GETTY IMAGES, INC., a Delaware Corporation,

vs.

ROXANNE MOTAMEDI, an individual,

Defendant.

Case No. 2:16-CV-1892

**PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**

**Hearing Date: November 24, 2017**

**Oral Argument Requested**

## I.   RELIEF REQUESTED

Plaintiff Getty Images, Inc. ("Getty Images") hereby moves, pursuant to Local Rule CR 5(g) and the terms of the parties' stipulated Protective Order (Dkt. #51), to file Plaintiff's Motion for Summary Judgment and a limited set of its supporting documents under seal.

## II.   BACKGROUND

This case involves claims for misappropriation of trades secrets and breach of contract arising from the improper taking and use of Getty Images' trade secrets and proprietary business information related to its stock photography business. *See* Dkt. #54 (Amended Complaint for Damages and Injunctive Relief). The parties entered into a stipulated protective order, which the Court signed on March 22, 2017. Dkt. #51; *see also* Declaration of Tina M. Aiken in Support of Plaintiff's Motion to File Under Seal ("Aiken Decl.") at ¶2, 3. The Stipulated Protective Order permits the parties to designate documents as "Confidential" or "Highly Confidential – Attorneys'

PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL - 1
Case No.

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington  98006
(425) 454-4233

Eyes Only" and to file Designated Materials under seal in accordance with LCR 5(g). Dkt. #51 ¶¶2, 17.

The parties conferred pursuant to LCR 5(g)(1)(A) on October 30, 2017 to discuss and explore alternatives to filing documents under seal. Aiken Decl. ¶3. Because Getty Images is filing its Motion for Summary Judgment, which must necessarily rely on or disclose "Confidential" or "Highly Confidential" in order for Getty Images to fully present its case against Defendant Roxanne Motamedi ("Motamedi"), the parties agreed there was no other alternative other than filing Plaintiff's Motion for Summary Judgment and its supporting documents under seal. *Id.*

### III.   AUTHORITY

"[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where the court files might have become a vehicle from improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). CR 5(g) states that exhibits to a dispositive motion may be filed under seal on a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records … to release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598).

Here, Getty Images' Motion for Summary Judgment must necessarily rely on the trade secrets and proprietary business information that it alleges Motamedi misappropriated and improperly disclosed to a direct competitor. The documents and information Getty Images seeks to protect generally fall into seven categories: (1) business strategies, (2) financial information, (3) pricing information, (4) agreements with clients and contributors, (5) client lists, (6) contributor lists and (7) technology development.[1] Getty Images also seeks to protect documents produced by

---

[1] Getty Images anticipates that Defendant Motamedi may determine that it is necessary for her to submit information in connection with their Response in Opposition to the Motion that has been designated as "Confidential" or "Highly

PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL - 2
Case No.

**SEBRIS BUSTO JAMES**
14205 S.E. 36th Street – Suite 325
Bellevue, Washington  98006
(425) 454-4233

a non-party that are designated as Confidential pursuant to the Stipulated Protected Order. Courts within the Ninth Circuit have regularly held "compelling reasons" exist to seal documents such as these. *See, e.g.*, *Electronic Arts, Inc. v. United States District Court (In re Elec. Arts, Inc.)*, 298 Fed. Appx. 568, 569–70 (9th Cir. 2008) (reversing trial court's decision that compelling reasons did not exist to seal company's pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement); *Clearly Food & Beverage Co. v. Top Shelf Bevs., Inc.*, 102 F. Supp. 3d 1154, 1178 (W.D. Wash. Apr. 28, 2015) (sealing exhibits containing confidential financial projections, marketing strategies, and business plans associated with motion for summary judgment); *Eagle View Techs., Inc. v. Xactware Solutions, Inc.*, No. C12-1913RSM, 2015 U.S. Dist. LEXIS 186348, at *2 (W.D. Wash. Oct. 29, 2015) (finding compelling reasons to seal "certain non-public customer identities, royalty information, and stock warrant information"); *Algarin v. Maybelline*, LLC, No. 12-cv-3000-AJB (DHB), 2014 U.S. Dist. LEXIS 23882, at *8–9 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal a company's confidential business data to avoid "business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM, 2011 U.S. Dist. LEXIS 49664 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process.").

Specifically, Getty Images respectfully requests that the Court seal the following documents:

- o Plaintiff's Motion for Summary Judgment

---

Confidential," and that Getty Images' Reply in Support may likewise require submission of such information. In order to avoid the need for the parties to file additional motions on this subject and thereby consume the Court's time, Getty Images' requests that the Court also order that such submissions containing such information be sealed as well.

PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL - 3
Case No.

**SEBRIS BUSTO JAMES**
14205 S.E. 36th Street – Suite 325
Bellevue, Washington 98006
(425) 454-4233

- Exhibits 1–24 attached to the Declaration of Tina M. Aiken in Support of Plaintiff's Motion for Summary Judgment.
- Any other documents designated "Confidential" or "Highly Confidential" Filed in Support of Defendant Motamedi's Response or Getty Images' Reply in Support.

Getty Images has procedures in place to protect the confidentiality of the documents and information that it is requesting that the Court seal. *See* Declaration of Anne Hatcher in Support of Plaintiff's Motion for Summary Judgment ("Hatcher 10/31/2017 Decl.") ¶3. All employees must sign a Non-Disclosure Agreement as a condition of being allowed access to Getty Images' trade secrets and confidential information. *Id.* Furthermore, all visitors to Getty Images' facilities are required to sign in with security and/or the front desk and be issued a guest past. *Id.* ¶9. Once inside, they must be escorted by a Getty Images employee. *Id.* All work areas are locked and accessible only with a key card. *Id.* Employees are required to use a password to log on to Getty Images' systems. *Id.* Employee access to data on Getty Images' servers and cloud storage sites is limited by position and need-to-know (*i.e.*, persons at Motamedi's level and above are trusted with much more access to confidential data—the documents Getty Images is requesting the Court to seal—than lower level employees). *Id.*; *see also* Declaration of Craig Peters in Support of Plaintiff's Motion for Summary Judgment ("Peters 3rd Decl.") ¶5. If this information fell into the hands of a competitor, it would undermine the company's ability to compete on a level playing field, and the potential harm to Getty Images would be immeasurable and irreparable. Peters 3rd Decl. ¶6–14; Dkt. #34 (Peters Decl. ¶7).

Redaction is not feasible because Getty Images is moving for summary judgment on its misappropriation of trade secret claim and must necessarily rely on or disclose "Confidential" or "Highly Confidential" documents in order for Getty Images to fully present its case against Motamedi. Aiken Decl. ¶4. However, redacted versions of these documents have also been filed publicly on the Court's dockets, so the general public will have access to the redacted version and thus be able to determine the issues being presented to the Court. Aiken Decl. ¶5. Furthermore,

PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL - 4
Case No.

Getty has filed the supporting declarations of Tina M. Aiken, Anne Hatcher, Craig Peters, Heather Cameron, and Jon Ames publicly. *Id.* The unredacted Motion for Summary Judgment, along with Exhibits 1 and 2 to the Declaration of Tina M. Aiken, are being submitted for the Court's reference and review as Working Copies attached to this motion. *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Getty Images respectfully requests that this Court order that the above referenced documents be filed under seal.

DATED this 31st day of October, 2017.

SEBRIS BUSTO JAMES

/s/ *Jeffrey A. James*
Jeffrey A. James, WSBA #18277
Email:  jaj@sebrisbusto.com
14205 S.E. 36th Street, Suite 325
Bellevue, Washington  98006
Tel: 425-454-4233 / Fax:  425-453-9005
Attorneys for Plaintiff

PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL - 5
Case No.

SEBRIS BUSTO JAMES
14205 S.E. 36th Street – Suite 325
Bellevue, Washington  98006
(425) 454-4233

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was filed electronically with the court and thus served simultaneously upon all counsel of record, this 31st day of October, 2017.

/s/ *Holly Holman*
Holly Holman

PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL - 6
Case No.

**SEBRIS BUSTO JAMES**
14205 S.E. 36th Street – Suite 325
Bellevue, Washington  98006
(425) 454-4233