# Exhibit 1

Non-Disclosure Agreement

This Non-Disclosure Agreement dated as of February 17th, 2000 is by and between Getty Images, Inc., a Delaware corporation ("Getty Images"), and Roxanne A Motamed ("Recipient").

Recipient wishes to receive certain information from Getty Images, and Getty Images desires to provide such information to Recipient, for the purpose of exploring a possible employment relationship (the "Business Purpose").

Getty Images and Recipient recognize that in the course of their discussions to further the Business Purpose, it may become necessary for Getty Images to disclose Confidential Information (as defined below). Both parties intend that any Confidential Information disclosed by Getty Images shall be used by the Recipient only to further the Business Purpose. Further, both parties intend that any Confidential Information disclosed shall be protected from further disclosure by the terms of this Agreement.

NOW, THEREFORE, in consideration of the discussions and sharing of information between the parties, and the premises, conditions, covenants and warranties herein contained, the parties agree as follows:

1. Definitions.. For purposes of this Agreement, "Confidential Information" shall mean any information disclosed by Getty Images, including but not limited to, any financial information, procedures or processes employed and any other information, whether by oral or visual communication, writing, digital transmission or any other means;

2. Non-Disclosure Obligation. Recipient agrees to hold Getty Images Confidential Information in strict confidence, not to disclose such Confidential Information to third parties or to any person; and not to use any Confidential Information for any purpose except for the Business Purpose.

3. Applicability. This Agreement shall apply to all Confidential Information. This Agreement shall apply to Confidential Information of the Getty Images' parent, subsidiary and affiliated companies.

4. Non-Confidential Information. Confidential information shall not include information which:

    (a) is now or hereafter becomes, through no act or omission on the part of Recipient, generally known or available within the stock photography or digital stock photography industries, or is now or later enters the public domain through no act or omission on the part of Recipient;

    (b) is hereafter rightfully furnished to Recipient by a third party, without restriction as to use or disclosure;

    (c) is required to be disclosed pursuant to law, provided Recipient uses reasonable efforts to give Getty Images reasonable notice of such required disclosure and cooperates with the Getty Images to protect such information to the extent possible; or

    (d) is disclosed with the prior written consent of Getty Images.

6. **Return of Confidential Information.** Upon Getty Images's request, the Recipient will promptly return to the Getty Images all materials or tangible items containing Getty Images's Confidential Information and all copies thereof.

7. **No Grant of Rights.** Each party recognizes and agrees that nothing contained in this Agreement will be construed as granting any rights to Recipient, by license or otherwise, to use any of Getty Images's Confidential Information except as specified in this Agreement.

8. **Equitable and Legal Relief.** Each party acknowledges that all of Getty Images's Confidential Information is owned solely by Getty Images (and/or its licensors) and that the unauthorized disclosure or use of such Confidential Information would cause irreparable harm and significant injury, the degree of which may be difficult to ascertain. Accordingly, Recipient agrees that Getty Images shall have the right to obtain an immediate injunction from any court of competent jurisdiction enjoining breach of this Agreement and/or disclosure of the Confidential Information. Getty Images shall also have the right to pursue any other rights or remedies available at law or equity for such a breach.

9. **Termination.** This Agreement shall remain in effect for so long as Recipient is in possession of any Confidential Information of the other party.

10. **Integration.** This Agreement, sets forth the entire agreement between the parties with respect to the subject matter hereof, and may not be modified or amended except by written agreement executed by the parties hereto.

11. **Severability.** If any provision of this Agreement is declared to be invalid, void or unenforceable, the remaining provisions of this Agreement shall continue in full force and effect.

12. **Governing Law.** This Agreement shall be governed by the laws of the State of Washington applicable to agreements made and to be wholly performed therein, without reference to or application of principles of choice of law, and the parties consent to the jurisdiction of an venue in the courts of the State of Washington. Notwithstanding the foregoing, however, either party shall have the right to commence and prosecute any legal or equitable action or proceeding before any non-U.S.A. court of competent jurisdiction to obtain injunctive or other relief in the event that, in the opinion of said party, such action is necessary or desirable.

13. **Waiver.** No waiver by either party, whether express or implied, of any provision of this Agreement shall constitute a continuing waiver of such provision or a waiver of any other provision of this Agreement. No waiver by either party, whether express or implied, of any breach or default by the other party, shall constitute a waiver of any other breach or default of the same or any other provision of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement through their duly authorized representatives on the date set forth above.

| Getty Images, Inc. | Recipient: |
|---|---|
| By: _____ | By: *(signature)* |
| Print: _____ | Print: Roxanne Alexandre Motamedi |
| Title: _____ | Title: Global Managing deputy editor |
| Date: _____ | Date: Feb. 17, 2000 |

# Exhibit 2

GETTY IMAGES

EMPLOYEE CONFIDENTIALITY AND ASSIGNMENT OF INVENTIONS
AGREEMENT

In consideration of my employment or continued employment with the Getty Images, Inc., a Delaware Corporation, (which together with any parent, subsidiary, affiliate, or successor is hereinafter referred to as the "Company" or "Getty") and effective as of the first day of my employment, I hereby agree as follows:

1.   CONFIDENTIALITY OBLIGATION

   A.   Definition of Confidential Information. "Confidential Information" means any and all information related to any aspect of Getty's business which is either information not known by actual or potential competitors of Getty or is proprietary information of Getty, whether of a technical nature or otherwise. Confidential information includes, but is not limited to, inventions, ideas, designs, computer programs, circuits, schematics, formulas, algorithms, trade secrets, works of authorship, mask works, developmental or experimental work, processes, techniques, improvements, methods of manufacturing, know-how, data, financial information and forecasts, product plans, marketing plans and strategies, customer lists and contractual obligations and terms thereof, data, documentation and other information, in whatever form disclosed, relating to Getty or its affiliates, including, but not limited to, financial statements, financial projections, business plans, listings and contractual obligations and terms thereof, components of intellectual property, unique designs, methods of manufacturing or other technology and trade secrets disclosed by Getty or any affiliate of Getty or other person acting on behalf of Getty to me. Notwithstanding the foregoing, Confidential Information does not include any information (i) that is or becomes readily available in public records or documents, other than as a result of a disclosure by me, or (ii) which can be shown to have been known by me prior to its disclosure by Getty or an affiliate or other person acting on behalf of Getty, or (iii) which must be disclosed by me under applicable laws or regulations or judicial or administrative proceedings.

   B.   Safeguard of Confidential Information. I shall (i) hold the Confidential Information in strict confidence, (ii) exercise the highest degree of care in safeguarding the Confidential Information against any and all loss, theft or other inadvertent disclosure, and (iii) take such steps as are necessary to ensure and maintain such confidentiality.

   C.   Nondisclosure and Nonuse. I shall not disclose, transfer or in any way divulge, directly or indirectly, any of the Confidential Information, under any circumstances or by any means, to any third party without the prior written consent of Getty. I shall not copy, transmit, reproduce, summarize, quote, or make any commercial use whatsoever of any of the Confidential Information without the prior written consent of Getty, and, in no event shall I use any of the Confidential Information for any purpose other than the conduct of Getty business.

5. <u>EXCLUDED INVENTIONS</u>

Attached hereto as <u>Exhibit B</u> is a list of all inventions, improvements, and original works of authorship which I desire to exclude from this Agreement, each of which has been made or reduced to practice by me prior to my employment by Getty. I understand that this Agreement requires disclosure, but not assignment, of any invention that qualifies under Section 49.44.140 of the Revised Code of Washington, which provides, in part:

> (1) A provision in an employment agreement which provides that an employee shall assign or offer to assign any of the employee's rights in an invention to the employer does not apply to an invention for which no equipment, supplies, facilities, or trade secret information of the employer was used and which was developed entirely on the employee's own time, unless (a) the invention relates (i) directly to the business of the employer, or (ii) to the employer's actual or demonstrably anticipated research or development, or (b) the invention results from any work performed by the employee for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable.

I understand that I may notify the Company of inventions that may not be required to be assigned pursuant to Section 49.44.140 of the Revised Code of Washington and that the Company and I will agree to add these inventions to <u>Exhibit B</u> at my request. By executing this Agreement, I acknowledge that this Section 5 constitutes and I have received the notice required by Section 49.44.140(3) of the Revised Code of Washington.

6. <u>PRIOR CONTRACTS</u>

I represent that there are no other contracts to assign inventions that are now in existence between any other person or entity and me. I further represent that I have no other employments, consultancies, or undertakings which would restrict and impair my performance of this Agreement.

7. <u>AGREEMENTS WITH THE UNITED STATES GOVERNMENT AND OTHER THIRD PARTIES</u>

I acknowledge that the Company from time to time may have agreements with other persons or with the United States Government or agencies thereof which impose obligations or restrictions on the Company regarding Inventions made during the course of work under such agreements or regarding the confidential nature of such work. I agree to be bound by all such obligations or restrictions and to take all action necessary to discharge the obligations of the Company thereunder.

F.  Attorneys' Fees

If any party seeks to enforce its rights under this Agreement by legal proceedings or otherwise, the non-prevailing party shall pay all costs and expenses of the prevailing party.

G.  Waiver

The waiver by the Company of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of the same or any other provision hereof.

H.  Binding Effect

This Agreement shall be binding upon and shall inure to the benefit of the successors, executors, administrators, heirs, representative, and assigns of the parties.

I.  Headings

The Section headings herein are intended for reference and shall not by themselves determine the construction or interpretation of this Agreement.

J.  Entire Agreement; Modifications

This Employee Confidentiality and Assignment of Inventions Agreement contains the entire agreement between the Company and the undersigned concerning the subject matter hereof and supersedes any and all prior and contemporaneous negotiations, correspondence, understandings, and agreements, whether oral or written, respecting that subject matter. All modifications to the Agreement must be in writing and signed by the party against whom enforcement of such modification is sought.

IN WITNESS WHEREOF, I have executed this document as of the __17__ day of __February__, 200_1_.

_____
Employee

Roxanne H. Motomedi
Print Employee's Name

## EXHIBIT B

### EXCLUDED INVENTIONS, IMPROVEMENTS, AND ORIGINAL WORKS OF AUTHORSHIP

| TITLE | DATE | IDENTIFYING NUMBER OR BRIEF DESCRIPTION |
|---|---|---|
| | | |

# Exhibit 3

GETTY IMAGES

EMPLOYEE CONFIDENTIALITY AND ASSIGNMENT OF INVENTIONS
AGREEMENT

In consideration of my employment or continued employment with the Getty Images, Inc., a Delaware Corporation, (which together with any parent, subsidiary, affiliate, or successor is hereinafter referred to as the "Company" or "Getty") and effective as of the first day of my employment, I hereby agree as follows:

1. CONFIDENTIALITY OBLIGATION

A. Definition of Confidential Information. "Confidential Information" means any and all information related to any aspect of Getty's business which is either information not known by actual or potential competitors of Getty or is proprietary information of Getty, whether of a technical nature or otherwise. Confidential information includes, but is not limited to, inventions, ideas, designs, computer programs, circuits, schematics, formulas, algorithms, trade secrets, works of authorship, mask works, developmental or experimental work, processes, techniques, improvements, methods of manufacturing, know-how, data, financial information and forecasts, product plans, marketing plans and strategies, customer lists and contractual obligations and terms thereof, data, documentation and other information, in whatever form disclosed, relating to Getty or its affiliates, including, but not limited to, financial statements, financial projections, business plans, listings and contractual obligations and terms thereof, components of intellectual property, unique designs, methods of manufacturing or other technology and trade secrets disclosed by Getty or any affiliate of Getty or other person acting on behalf of Getty to me. Notwithstanding the foregoing, Confidential Information does not include any information (i) that is or becomes readily available in public records or documents, other than as a result of a disclosure by me, or (ii) which can be shown to have been known by me prior to its disclosure by Getty or an affiliate or other person acting on behalf of Getty, or (iii) which must be disclosed by me under applicable laws or regulations or judicial or administrative proceedings.

B. Safeguard of Confidential Information. I shall (i) hold the Confidential Information in strict confidence, (ii) exercise the highest degree of care in safeguarding the Confidential Information against any and all loss, theft or other inadvertent disclosure, and (iii) take such steps as are necessary to ensure and maintain such confidentiality.

C. Nondisclosure and Nonuse. I shall not disclose, transfer or in any way divulge, directly or indirectly, any of the Confidential Information, under any circumstances or by any means, to any third party without the prior written consent of Getty. I shall not copy, transmit, reproduce, summarize, quote, or make any commercial use whatsoever of any of the Confidential Information without the prior written consent of Getty, and, in no event shall I use any of the Confidential Information for any purpose other than the conduct of Getty business.

D. Return of Confidential Information. The Confidential Information shall remain

1                                                                                                          December 2000

the exclusive property of Getty, and at the conclusion of the employment relationship between the parties, or at any time requested by Getty, I promptly will return to Getty all of Getty's Confidential Information, including without limitation any copies, summaries or compilations made.

2. **INFORMATION OF OTHERS**

I will safeguard and keep confidential the proprietary information of customers, vendors, consultants, and other parties with which Getty does business to the same extent as if it were Getty Confidential Information. I will not, during my employment with the Company or otherwise, use or disclose to the Company any confidential, trade secret, or other proprietary information or material of any previous employer, and I will not bring onto the Company's premises any unpublished document or any other property belonging to any former employer without the written consent of that former employer.

3. **GETTY PROPERTY**

All papers, records, data, notes, drawings, files, documents, samples, devices, products, equipment, and other materials, including copies, relating to Getty's business that I possess or create as a result of my Getty employment, whether or not confidential, are the sole and exclusive property of Getty. In the event of the termination of my employment, I will promptly deliver all such materials to Getty and will sign and deliver to the Company the "Termination Certificate" attached hereto as Exhibit A within ten (10) days after my termination.

4. **OWNERSHIP OF INVENTIONS**

All inventions, ideas, designs, circuits, schematics, formulas, algorithms, trade secrets, works of authorship, mask works, developments, processes, techniques, improvements, and related know-how which result from work performed by me, alone or with others, on behalf of Getty or from access to Getty Confidential Information or property whether or not patentable, copyrightable, or qualified for mask work or trademark protection (collectively "Inventions") shall be the property of Getty, and, to the extent permitted by law, shall be "works made for hire." I hereby assign and agree to assign to Getty or its designee, without further consideration, my entire right, title and interest in and to all Inventions, other than those described in Paragraph 5 of this Agreement, including all rights to obtain, register, perfect, and enforce patents, copyrights, mask work or trademark rights, and other intellectual property protection for Inventions. I will disclose promptly and in writing to the individual designated by Getty or to my immediate supervisor all Inventions which I have made or reduced to practice. During my employment and for four years thereafter, I will assist Getty (at Getty's expense and in a manner reasonably convenient to me) to obtain and enforce patents, copyrights, mask work or trademark rights, and other forms of intellectual property protection on Inventions.

5.   EXCLUDED INVENTIONS

Attached hereto as Exhibit B is a list of all inventions, improvements, and original works of authorship which I desire to exclude from this Agreement, each of which has been made or reduced to practice by me prior to my employment by Getty. I understand that this Agreement requires disclosure, but not assignment, of any invention that qualifies under Section 49.44.140 of the Revised Code of Washington, which provides, in part:

> (1) A provision in an employment agreement which provides that an employee shall assign or offer to assign any of the employee's rights in an invention to the employer does not apply to an invention for which no equipment, supplies, facilities, or trade secret information of the employer was used and which was developed entirely on the employee's own time, unless (a) the invention relates (i) directly to the business of the employer, or (ii) to the employer's actual or demonstrably anticipated research or development, or (b) the invention results from any work performed by the employee for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable.

I understand that I may notify the Company of inventions that may not be required to be assigned pursuant to Section 49.44.140 of the Revised Code of Washington and that the Company and I will agree to add these inventions to Exhibit B at my request. By executing this Agreement, I acknowledge that this Section 5 constitutes and I have received the notice required by Section 49.44.140(3) of the Revised Code of Washington.

6.   PRIOR CONTRACTS

I represent that there are no other contracts to assign inventions that are now in existence between any other person or entity and me. I further represent that I have no other employments, consultancies, or undertakings which would restrict and impair my performance of this Agreement.

7.   AGREEMENTS WITH THE UNITED STATES GOVERNMENT AND OTHER THIRD PARTIES

I acknowledge that the Company from time to time may have agreements with other persons or with the United States Government or agencies thereof which impose obligations or restrictions on the Company regarding Inventions made during the course of work under such agreements or regarding the confidential nature of such work. I agree to be bound by all such obligations or restrictions and to take all action necessary to discharge the obligations of the Company thereunder.

8. NO EMPLOYMENT AGREEMENT

I agree that unless specifically provided in another writing signed by me and an authorized officer of the Company, my employment by the Company is not for a definite period of time. Rather, my employment relationship with the Company is one of employment at will and my continued employment is not obligatory by either myself or the Company.

9. MISCELLANEOUS

   A. Governing Law

This Agreement shall be governed by, and construed in accordance with, the laws of the State of Washington excluding those laws that direct the application of the laws of another jurisdiction.

   B. Term

Unless otherwise specifically provided herein, my obligations and Getty's rights shall survive termination of my employment with Getty.

   C. Enforcement

If any provision of this Agreement shall be determined to be invalid or unenforceable for any reason, it shall be adjusted rather than voided, if possible, in order to achieve the intent of the parties to the extent possible. In any event, all other provisions of this Agreement, shall be deemed valid, and enforceable to the full extent possible.

   D. Injunctive Relief; Consent to Jurisdiction

I acknowledge and agree that damages will not be an adequate remedy in the event of a breach of any of my obligations under this Agreement: I therefore agree that the Company shall be entitled (without limitation of any other rights or remedies otherwise available to the Company) to obtain an injunction from any court of competent jurisdiction prohibiting the continuance or recurrence of any breach of this Agreement. I hereby submit myself to the jurisdiction and venue of the courts of the State of Washington for purposes of any such action. I further agree that service upon me in any such action or proceeding may be made by first class mail, certified or registered, to my address as last appearing on the records of the Company.

   E. Arbitration

I further agree that I or the Company, at either party's option, may elect to submit any dispute or controversy arising out of this Agreement for final settlement by arbitration conducted in accordance with the then existing rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators shall be specifically enforceable and may be entered in any court having jurisdiction thereof. This provision shall not affect the Company's right to seek injunctive relief in court proceeding as provided by Section 10(D) hereof.

F.  Attorneys' Fees

If any party seeks to enforce its rights under this Agreement by legal proceedings or otherwise, the non-prevailing party shall pay all costs and expenses of the prevailing party.

G.  Waiver

The waiver by the Company of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of the same or any other provision hereof.

H.  Binding Effect

This Agreement shall be binding upon and shall inure to the benefit of the successors, executors, administrators, heirs, representative, and assigns of the parties.

I.  Headings

The Section headings herein are intended for reference and shall not by themselves determine the construction or interpretation of this Agreement.

J.  Entire Agreement; Modifications

This Employee Confidentiality and Assignment of Inventions Agreement contains the entire agreement between the Company and the undersigned concerning the subject matter hereof and supersedes any and all prior and contemporaneous negotiations, correspondence, understandings, and agreements, whether oral or written, respecting that subject matter. All modifications to the Agreement must be in writing and signed by the party against whom enforcement of such modification is sought.

IN WITNESS WHEREOF, I have executed this document as of the _____ day of _____, 200___.

_____
Employee

Roxanne A. Mohamed,
Print Employee's Name

# Exhibit 4

# CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT
## PRIVATE

This confidentiality and non-disclosure agreement (the "Agreement") is made and entered into as of __April 1__, 2001 between Getty Images, Inc., a Delaware corporation ("Getty Images"), and the undersigned ("Recipient").

**WHEREAS,** Recipient desires to receive certain information from Getty Images; and,

**WHEREAS,** Getty Images desires to disclose that certain information to Recipient solely for the purpose of exploring and determining possible employment of Recipient by Getty Images; and,

**WHEREAS,** Getty Images and Recipient recognize that in the course of their discussions it may become necessary for Getty Images to disclose its Confidential Information as defined in Paragraph 1 below;

**NOW THEREFORE,** In consideration of the mutual covenants and promises contained herein, the parties hereto hereby agree to be bound as follows:

**1.   DEFINITION OF CONFIDENTIAL INFORMATION.**
"Confidential Information" means any and all information related to any aspect of Getty Images' business which is either information not known by actual or potential competitors of Getty Images or is proprietary information of Getty Images. Confidential Information includes, but is not limited to, inventions, ideas, designs, computer programs, circuits, schematics, formulas, algorithms, trade secrets, works of authorship, developmental or experimental work, processes, techniques, improvements, methods of manufacturing, know-how, data, financial information and projections, royalty rates, business, product and marketing plans and strategies, customer lists and contractual terms and relationships, in whatever form disclosed or discovered. Notwithstanding the foregoing, Confidential Information does not include any information (i) that is or becomes readily available in public records or documents, other than as a result of a disclosure by Recipient, or (ii) which can be shown by written records to have been known by Recipient prior to its disclosure or discovery by Getty Images.

**2.   SAFEGUARD AND USE OF CONFIDENTIAL INFORMATION.**
Recipient shall hold the Confidential Information in strict confidence and exercise the highest degree of care in, and take all steps necessary to ensure, the safeguard of the Confidential Information against any and all loss, theft or other disclosure. Recipient shall not disclose, transfer or in any way divulge, directly or indirectly, any of the Confidential Information, under any circumstances or by any means, to any third party without the prior written consent of Getty Images. Recipient shall not copy, transmit, reproduce, summarize, quote, or make any commercial use whatsoever of any of the Confidential Information without the prior written consent of Getty Images, and in no event shall Recipient use any of the Confidential Information for the benefit of any entity or person other than Getty Images.

**3.   RETURN OF CONFIDENTIAL INFORMATION.**
The Confidential Information shall remain the exclusive property of Getty Images, and at the conclusion of the business relationship between the parties, or at any time upon Getty Images' request, Recipient promptly will return to Getty Images all of the Confidential Information, including any copies, summaries or compilations.

**4.   MISCELLANEOUS.**
**a.   TERM.** Recipient's obligations and Getty Images' rights hereunder shall survive so long as Recipient possesses any of the Confidential Information.

**b.   GOVERNING LAW.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Washington.

**c.   ENFORCEMENT.** If any provision of this Agreement shall be determined to be invalid or unenforceable for any reason, it shall be adjusted rather than voided, if possible, in order to achieve the intent of the parties to the extent possible. In any event, all other provisions of this Agreement shall be deemed valid and enforceable to the full extent possible.

**d.   INJUNCTIVE RELIEF; Consent to Jurisdiction.** Recipient acknowledges and agrees that damages will not be an adequate remedy in the event of a breach of any of Recipient's obligations under this Agreement and that Getty Images shall be entitled (without limitation of any other rights or remedies otherwise available to Getty Images) to obtain an injunction from a court of competent jurisdiction prohibiting the continuance or recurrence of any breach of this Agreement. Recipient hereby submits to the jurisdiction and venue of the courts of the State of Washington and agrees that service in any such action or proceeding may be made by first class mail, certified or registered, to the address last appearing on Getty Images' records.

**e.   ATTORNEYS' FEES.** If any party seeks to enforce to rights under this Agreement by legal proceedings or otherwise, the non-prevailing party shall pay all costs and expenses of the prevailing party.

**f.   WAIVER.** Getty Images' waiver of a breach of any term of this Agreement shall not be construed as a waiver of any subsequent breach of the same or any other term.

**g.   BINDING EFFECT.** This Agreement shall be binding upon and shall inure to the benefit of the parties' successors, executors, administrators, heirs, representatives, and assigns.

**h.   ENTIRE AGREEMENT; MODIFICATIONS.** This Agreement contains the entire agreement between Getty Images and Recipient concerning the subject matter hereof and supersedes any and all prior and contemporaneous negotiations, correspondence, understandings, and agreements, whether oral or written, respecting such subject matter. All modifications to the Agreement must be in writing and signed by both parties.

Printed in the USA / 4/01

**Executed as of the date first written above.**

GETTY IMAGES, INC.

By: _/s/ Stacie Olen_

Its: _HR Generalist_

Recipient

By: _/s/ Roxanne_

Print: _Roxanne Motamedi_